UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Keisha Waiters, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | (JURY TRIAL DEMANDED) |
| Housing Authority of Florence, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action is brought to remedy retaliation in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"). This Court has jurisdiction of this matter under 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

The Plaintiff would show unto this Honorable Court as follows:

1. Plaintiff is an African American female citizen of the United States, and a resident of Chesterfield County, South Carolina.

2. Upon information and belief, at all times pertinent hereto, Defendant, the Housing Authority of Florence (hereinafter "Defendant HAF") is a governmental agency of the State of South Carolina. The Housing Authority of Florence was created pursuant to the authority of the United Stated Housing Act of 1937 and the Constitution and statues of the State of South Carolina, Codes of Law, and was organized on February 26, 1968.

1

3. On information and belief, at all times relevant to the allegations in this complaint, the Housing Authority of Florence was authorized to and did waive any state-law immunity from civil liability under state-law causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

4. Defendant is an "employer" within the meaning of 42 U.S. Code § 2000e (a) and (b).

5. The Equal Employment Opportunity Commission (EEOC), issued Plaintiff a Notice of Right to Sue signed January 11, 2023, regarding Plaintiff charge number 14C-2022-00661; and Plaintiff complied fully with all prerequisites to jurisdiction in this Court under Title VII and timely brings this complaint within 90 days of receipt of the EEOC notice.

6. Plaintiff had been employed by Defendant HAF from approximately December 2010 to May 19, 2022, the date of termination. Her last job title was Special Projects Coordinator.

7. Plaintiff began experiencing a hostile working environment from approximately June 2021 up until her termination. Plaintiff filed a discrimination complaint with the South Carolina Human Affairs Commission (SCHAC) regarding her hostile work environment (14C-2021-00534).

8. After engaging in protected activity, Defendant began to subject Plaintiff to strict scrutiny by holding Plaintiff to a higher standard with respect to dress code, issuing verbal reprimands and reassignment from her home location near Cheraw to Florence, thus causing a hardship with getting to work due to reporting time and transportation issues. Therefore, in June 2021, Plaintiff engaged in more protected

activity by filing a Charge of Discrimination regarding retaliation she experienced (14C-2021-00832).

9. Plaintiff filed a lawsuit regarding the prior charges of discrimination and while the lawsuit was pending, Defendant engaged in even more retaliation in ways that include but are not limited to:

   A. Defendant disciplined Plaintiff on or about April 28, 2022 regarding inappropriate attire, without explanation of what was inappropriate.

   B. Defendant placed Plaintiff on Administrative Leave until May 4, 2022, after she filed a complaint with Human Resources regarding unfair discipline.

   C. Defendant allowed Plaintiff to return to work and then placed her on an additional 6 day suspension until May 18, 2022, without good cause given.

   D. Plaintiff returned to work and was discharged on May 19, 2022, for numerous alleged violations and failure to follow policy.

   E. Plaintiff filed for unemployment benefits and during the appeal hearing Defendant testified that the final event that led to Plaintiff's termination was failure to report outside employment. However, the unemployment office granted Plaintiff unemployment benefits after Plaintiff provided evidence that she did not have outside employment.

10. Plaintiff engaged in numerous acts of protected activity while employed, each time complaining about unfair or retaliatory treatment against her.

11. Since filing the first EEOC charge, Plaintiff continued to experience a hostile work environment of a continuous pattern of unequal treatment and heightened scrutiny and discipline that was at most times unwarranted or unsupported by evidence.

12. This instant litigation involves retaliatory discharge that occurred immediately after both Plaintiff and Defendant engaged in activity surrounding previous litigation. And Defendant disciplined Plaintiff the day she returned to work after the policy changed, while never notifying Plaintiff of the policy change that caused her to be disciplined.

13. Defendant has engaged in overt acts of unequal retaliatory treatment without legitimate business reasons given to support such retaliation.

14. Plaintiff has complained on numerous dates through numerous emails to Human Resources, Administration, South Carolina Human Affairs and EEOC in attempts to stop the discrimination and retaliation and remain employed.

15. Defendant was on notice, and continues to be on notice, of Plaintiff's prior EEOC activity; of Plaintiff's emailed and/or written complaints of unequal treatment and retaliation; and the effects that the hostile work environment has had on Plaintiff's employment and financial status.

16. To date, Defendant has taken no meaningful or corrective action regarding Plaintiff's complaint of hostile and unequal and retaliatory work environment.

17. Plaintiff believes that she was singled out and her work and appearance was more scrutinized in retaliation for her prior complaints of discrimination. Plaintiff was treated in a manner less favorable than other employees under the supervision of Defendant who did not file complaints with HR and SCHAC or EEOC.

18. The acts and omissions alleged against the Defendant herein occurred during the time that Plaintiff was an employee of Defendant.

19. Defendant knew or should have known that Defendant's adverse employment actions and retaliatory treatment occurred in close proximity to Plaintiff's protected activity; and that these adverse employment actions were issued in a manner unequal to employees who did not file complaints.

20. As a result of Defendant's retaliatory employment actions and wrongful termination against Plaintiff, Plaintiff has lost employment, lost wages and benefits, suffered emotional and financial distress, incurred attorney fees and costs, and suffered impairment to reputation.

**FIRST CAUSE OF ACTION**
**(TITLE VII)**

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint.

22. Plaintiff is a member of a protected class as an African American female who was performing satisfactorily, and who engaged in protected activity of complaining of discrimination and/or retaliation.

23. Plaintiff was subjected to unequal harassing and hostile treatment as described above, in a manner less favorable to that of coworkers who did not complain of discrimination or retaliation. Defendants have no legitimate business reason for its treatment toward Plaintiff, for allowing discrimination and retaliation to continue, or for failing to properly or reasonably address Plaintiff's complaints.

24. Plaintiff engaged in protected activity when Plaintiff complained about unequal harassing and hostile or retaliatory treatment to HR Administration, SCHAC and the EEOC on numerous occasions. In close proximity to her complaints, Plaintiff would

be disciplined without good cause and ultimately would be terminated after being engaged in protected activity surrounding her prior litigation.

25. Defendant retaliated against Plaintiff after she made complaints of discrimination and retaliation; and the retaliatory adverse employment actions were in violation of Title VII.

26. Defendant treated similarly situated employees who did not make Title VII complaints in a manner unequal to the treatment Plaintiff received.

27. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Award Plaintiff attorney fees, back pay, front pay, and liquidated damages pursuant to Title VII;

B. Award Plaintiff other compensatory and punitive damages in an amount to be determined by a jury; and,

C. Award Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

BY:  s/ Pheobe A. Clark
**PHEOBE A. CLARK**, Fed ID No. 9888
P.O. Box 13057
Florence, SC   29504
T:843-669-5634
F:843-669-5150
Email:  pclark@wukelalaw.com

Florence, South Carolina
April 5, 2023